# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JESSE MITCHELL v. COMMONWEALTH.

### March 30th, 1893.

1. CRIMINAL PROCEEDINGS—*Venire facias—Return.*—Where the return to process is signed only with the name of the deputy by whom it has been served, and not with that of his principal also—

HELD:

> Such process and return should be quashed by the trial court.. Code, § 900.

2. IDEM—*Rape—Charge to the jury.*—On the trial for rape, after the jury were directed to consider of their verdict, the·clerk called their attention to the charge which had been given to them as to the punish-·.ment, and, at his suggestion, the jury took such charge with them to their room.

HELD:

> Not error.

3. JURISDICTION—*Circuit court—Capital offense.*—Where, on trial for a capital offense, accused elected to be tried in circuit court the· clerk of the county court failed to certify the copy of the record transmitted to the circuit court—

HELD:

> The circuit court acquired no jurisdiction of the case, and a judgment rendered therein was void. Code, § 4016.

Error to judgment of circuit court of Amelia county, rendered on the 12th day of March, 1892, in the case of the Commonwealth of Virginia against Jesse Mitchell, on an indictment for rape, by which judgment the said Jesse Mitchell was, in accordance with the finding. of the jury, sentenced to be hanged.

The material facts are these : On the 27th day of August, 1891, the said Jesse Mitchell was indicted in the county court of Amelia county for rape. The first count in the indictment charges that Jesse Mitchell, on the 22d day of June, 1891,.

and in said county, in and upon one Janie Thraves, the said Janie Thraves then being a female over the age of twelve years—to-wit, of the age of twelve years—violently and feloniously did make an assault, and her (the said Janie Thraves) then and there—to-wit, on the day and year aforesaid, at the county aforesaid—feloniously did ravish and carnally know, against her will and by force, against the peace and dignity of the commonwealth of Virginia. The second and last count in the indictment charges that the said Jesse Mitchell, in the county aforesaid, in and upon one Janie Thraves, a female over the age of twelve years—to-wit, of the age of twelve years—violently and feloniously an assault did make, with intent her (the said Janie Thraves) then and there, on the day and year aforesaid, in the county aforesaid, feloniously and against her will, by force, to carnally know, &c.; and that the said Jesse Mitchell, in the manner and form aforesaid, did then and there feloniously attempt to commit rape upon the said Janie Thraves, against the peace and dignity of the commonwealth of Virginia.

Upon his arraignment in the county court, the prisoner elected to be tried in the circuit court of said county, and was thereupon remanded to jail.

On the 11th day of March, 1892, at a term of the circuit court for Amelia county then held, the prisoner, on the calling of the case for trial, demurred generally to the indictment; which demurrer, upon argument by counsel, and on consideration, was overruled by the court. The prisoner then moved the court to strike the case from the docket, on the ground of error apparent upon the face of the record; which motion was also overruled by the court. The prisoner then moved the court to quash the *venire facias*, which motion the court sustained; and thereupon the court ordered a new writ of *venire facias* to issue for twenty persons to be summoned by the sheriff from a list furnished by the judge of

said court; and, on the return of said new writ of *venire facias,* the prisoner moved the court to quash the same, which motion the court overruled. And thereupon the prisoner pleaded " not guilty " to the indictment; and the trial was proceeded with by a jury selected from the twenty persons summoned by the sheriff from the list furnished by the judge of said court.

After hearing all the evidence, the jury returned the following verdict: " We, the jury, find the prisoner guilty of rape, as charged in the indictment, and ascertain his punishment at death." The prisoner moved the court in arrest of judgment, upon the ground of error apparent upon the face of the record; which motion the court overruled. The prisoner then moved the court to set aside the verdict, upon the ground of error upon the face of the record; which motion was also overruled; and thereupon the court proceeded to enter judgment in accordance with the finding of the jury. And the case is here on a writ of error to said judgment.

*Wm. M. Flannagan,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

RICHARDSON, J., (after stating the case,) delivered the opinion of the court.

The first question is as to the action of the circuit court in overruling the demurrer to the indictment. We are of opinion that the demurrer was properly overruled. The indictment is in the usual form, and is, in substance, sufficiently specific to put the prisoner fairly upon trial for the offense therein charged. Nothing more is requisite.

In other respects, the case is presented in the five several bills of exception taken by the prisoner to certain rulings of the trial court.

1st. The first bill of exceptions is to the action of the court in overruling the prisoner's motion to quash the second or new writ of *venire facias* issued in the cause and the list thereto appended, and the return thereto, which was subscribed " W. E. Coleman, Deputy Sheriff of Amelia County." This objection is well taken, and the court below erred in refusing to sustain the prisoner's said motion. The positive mandate of the statute is that, where the service of process is by a deputy, such deputy shall subscribe to the return his own name as well as that of his principal. Sec. 900, Code 1887.

2d. The second bill of exceptions is to the action of the court overruling the prisoner's motion to set aside the verdict and grant him a new trial, on the ground that, when the testimony had been concluded, and the argument of the case was completed, and the jury directed to retire to consider of their verdict and were about to retire, after the indictment had been delivered to them, the clerk of the court called their attention, as they stood in the jury-box, to the charge as to the punishment, which had been read to them along with the balance of the charge, and suggested that they take the same to their room with them—all of which was done in the presence of the court ; and that said charge as to punishment, which was on a separate piece of paper, was returned by them into court with their verdict, and is in the words and figures following—to-wit : " If you find the prisoner guilty of rape, you will say so, and, in your discretion, ascertain his punishment at death, or confinement in the penitentiary for not less than ten or more than twenty years ; or you may find him not guilty of rape, but guilty of an attempt to commit rape, in which case you shall ascertain his term of confinement in the state penitentiary at not less than three nor more than eighteen years. If you find him not guilty, say so, and no more ; and hearken to the evidence."

We are of opinion that this exception is not well taken. This was but a repetition of so much of the charge, given by the clerk earlier in the proceedings, as respects the punishment prescribed by the statute. It is not pretended that the paper given the jury incorrectly stated the law; and we know no reason why, in this respect, the trial court should not call the attention of the jury to the law prescribing the punishment of the offense for which the prisoner stood indicted and was being tried. The proceeding complained of could, at the utmost, amount to no more than an instruction by the court to the jury. It is entirely different from *Allen's Case*, 2 Leigh 727. In that case the charge to the jury was clearly · erroneous; but such is not the case here. It is clear, therefore, that in the action complained of there was no error.

3d. The prisoner's third bill of exceptions is to the action of the court refusing to set aside the verdict for error apparent on the face of the record. The objection is that the record of the indictment and proceedings had in the county court, where the prisoner was indicted, and where, on his arraignment, he demanded to be tried in the circuit court, were not certified to the circuit court, as required by the statute, § 4016, Code 1887, and that therefore the circuit court was without jurisdiction to try the prisoner. We are of opinion that this objection is well founded.

The section last above referred to prescribes " that the county courts, except where otherwise provided, shall have exclusive original jurisdiction for the trial of all presentments, indictments, and informations for offenses committed within their respective counties; except that a person to be tried for any felony for which he may be punished with death may, upon his arraignment in the county court, demand to be tried in the circuit court having jurisdiction over the county for which said county court is held. Upon such demand the accused shall be remanded for trial in the said circuit court,

and all the material witnesses desired, for the prosecution or defense, shall be recognized for their attendance at such trial. When a person is remanded, as aforesaid, by a county court, the clerk thereof shall certify and transmit to the clerk of the court in which such person is to be tried a transcript of the record of the proceedings in said county court in relation to the prosecution, and copies of the indictment and recognizances and other papers connected with the case; such transcripts and copies shall be used with the same effect as the originals."

The copy of the record here is entirely without the requisite certificate of the clerk of the county court, without which the circuit court had no jurisdiction to try the accused; and this court has, and can have, no legal knowledge of the fact that the prisoner was legally tried and convicted in said circuit court, and will not, therefore, undertake to review a judgment rendered under such circumstances. As the case must go back for a new trial, because of said errors, it is not necessary to pass upon the prisoner's fourth and fifth bills of exception.

It follows, therefore, that for this error, and for that set forth in the prisoner's said first bill of exceptions, the judgment of the circuit court is clearly erroneous, and the same must be reversed and annulled, the verdict of the jury set aside, and the case remanded to said county court of Amelia county for further proceedings to be had therein as required by law, and in accordance with the foregoing views.

JUDGMENT REVERSED.